UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
September 03, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Stingray Pressure Pumping, LLC, § § | | Civil Action H-21-1511 |
| Appellant, § § | | |

| | | |
|---|---|---|
| *In re* § | | |
| Gulfport Energy Corporation, *et al.*, § § | | Bankruptcy 20-35562 |
| Debtors. § | | |

# Opinion on Appeal

1.  *Background.*

    On October 1, 2014, Stingray Pressure Pumping, LLC, and Gulfport Energy Corporation signed a master services agreement for oilfield fracing services.

    On January 1 and July 7, 2016, Stingray and Gulfport Energy amended the agreement, the latter of which added Gulfport Buckeye, LLC – now Gulfport Appalachia, LLC – as a party.

    On July 1, 2018, the agreement was amended for a final time to extend it until the end of 2021. The amendment was only signed by Stingray and Gulfport Energy.

    On December 18, 2019, Gulfport Energy sued Stingray in Delaware state court for breach of contract. Stingray countersued.

    On November 13, 2020, Gulfport Energy and its wholly-owned subsidiaries – including Gulfport Appalachia – filed for bankruptcy in the Southern District of Texas. Stingray filed separate proofs of claim against both Gulfport Energy and Appalachia.

    Gulfport objected to Stingray's proofs of claim disputing whether Appalachia remained a party to the agreement after the 2018 amendment. The

Chapter 11 plan gives greater recovery to claims against the subsidiaries (Appalachia) than against the parent (Gulfport Energy).

On April 22, 2021, after reviewing the original agreement and the three amendments, the bankruptcy court held that Appalachia was not liable under the agreement after September 30, 2018, or the day the agreement would have ended without the 2018 amendment.

On May 5, 2021, Stingray appealed the April 22, 2021, order.

2.  *Applicable Provisions.*

Paragraph 19(i) of the master service agreement between Gulfport Energy and Stingray states that:

> This Agreement, including its appendices, exhibits and schedules, (a) constitutes the entire Agreement between the Parties with respect to the subject matter hereof, (b) supersedes any existing agreements between them whether oral or written and (c) shall control and govern all transactions between the Parties with respect to the provision of the Services. The terms of this Agreement shall only be amended, modified or supplemented as set forth herein or in a writing signed by or on behalf of both of the Parties, which writing must specifically reference and identify the provision of this Agreement to be modified and the intention to modify this Agreement must be explicitly stated.

The purpose of the July 2016 amendment was to effectuate the "Parties desire to amend the [agreement] to add Gulfport Buckeye [(Appalachia)], LLC, as a party to the [agreement]." Paragraph 3 says that, "The Parties agree that the term 'Company' shall be amended in the [agreement] to include both Gulfport Energy Corporation and Gulfport Buckeye" (Appalachia). Paragraph 4 states that the "[agreement], as amended, shall apply to any services, goods, facilities, and/or equipment provided by [Stringray] to" Gulfport Appalachia. Paragraph 8 says that "No amendment hereto shall be binding unless mutually agreed to in a written instrument specifically made subject to the [agreement], as modified by this Amendment.

The July 2018 amendment was just signed by Gulfport Energy and Stingray and extended the agreement to the end of 2021. Paragraph 1 says that "except as otherwise provided in this Amendment, capitalized terms used herein have the meaning ascribed to them in the Agreement." Paragraph 5 states that "All other terms and conditions of the Agreement not modified by this Amendment shall remain in full force and effect."

3. *Potential Liability.*

Gulfport argues that Gulfport Appalachia is not liable after September 2018 because it was not a party to the July 2018 amendment that extended the agreement to the end of 2021. It insists that this amendment only amends the Agreement "as first amended and restated" in 2014 – or without the 2016 amendments – otherwise it would have just said "as amended." Gulfport also says that the July 2018 amendment does not explicitly include Appalachia in the introduction of the parties, and there was no signature block for Appalachia. Gulfport alternatively argues that Appalachia did not sign the 2018 amendment, so, as a distinct legal entity, it did not agree to the terms and cannot be bound by them.

The main issue with Gulfport's understanding of the contract is that it creates two universes of the agreement – one that includes Appalachia but ends in 2018 and one without that ends in 2021. There is only one master service agreement – one that incorporates all of its amendments. If the parties had intended to create two contracts, they should have signed a separate agreement that incorporated select terms of the prior.

The July 2016 amendment specifically and explicitly added Appalachia to the definition of "Company" – as required by the agreement to amend. Beyond that date, Gulfport Energy and Appalachia both represented "Company" as a party to the agreement. The 2018 amendment may not have included Appalachia in the introduction, but, at best, this was an implicit removal of Appalachia as part of "Company" – which does not conform to the amending rules. Without an explicit provision in the 2018 amendment, Appalachia remained in the agreement and was bound by the 2018 amendment.

Gulfport's contention that Appalachia must have signed the 2018 amendment is also unfounded. Practically speaking, once Appalachia was added

to "Company," it and Gulfport Energy became partners of "Company." They have the authority to represent each other as parties to the overall agreement. Future amendments only require signatures "by or on the behalf of both of the Parties." It does not require that all entities to the contract sign – just a signature for the "Company" and a signature for the "Contractor." The 2018 amendment was signed by a "Company" representative and a "Contractor" representative, so it binds all.

4. *Conclusion.*

The April 22, 2021, order of the bankruptcy court will be reversed. Gulfport Appalachia, LLC, remains a party to the master service agreement. Stingray Pressure Pumping, LLC, may pursue its claims against Gulfport Energy Corporation and Gulfport Appalachia beyond September 30, 2018.

Stingray must still show it is entitled to its claims against both Gulfport Energy and Appalachia before the bankruptcy court.

The court also leaves any determination on joint and several liability to the bankruptcy court.

Signed on September __3__, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge